José Caballero Medina, demandante y apelante, *v.* Zenón Díaz Varcárcel, Heriberta Silva Urbino y Manuela Jubes Viuda de López, demandados y apelados, y Santos Sanchidrián Jiménez, codemandado.

Núm. 6652.—*Sometido:* Junio 15, 1936. *Resuelto:* Julio 8, 1936.

*R. H. Blondet* y *José E. Segarra*, abogados del apelante; *H. Torres Solá* y *Harry B. Llenza*, abogados de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El 4 de mayo último esta corte habiendo en consideración que la transcripción de los autos había sido radicada desde enero 25, 1935, y que aún no había archivado el apelante su alegato, señaló la audiencia del 25 de mayo, 1936, para que la dicha parte apelante mostrara razones para que no se desestimara el recuro. No concurrió el apelante y la corte desestimó la apelación por abandono.

Poco después de dictada la resolución, el mismo día 25 de mayo, se radicó en la secretaría de la corte una moción del apelante pidiendo que se le concediera un plazo de dos días para radicar su alegato que no había podido terminar por encontrarse su abogado enfermo. Y dos días después en efecto dicha parte presentó un alegato acompañado de otra moción pidiendo que se dejara sin efecto la resolución de mayo 25, 1936.

Se ordenó al apelante que notificara su moción a las partes contrarias y éstas se opusieron por escrito haciendo énfasis en las dilaciones habidas, en el estado de derecho creado por la resolución desestimatoria y en la frivolidad del recurso en sus méritos.

Se creó en efecto un estado de derecho por virtud de la resolución de mayo 25, 1936, pero es un estado que puede alterarse si la justicia lo exige. La desestimación se decretó a virtud del aparente abandono en que la parte apelante tenía su apelación, pero si dicha parte convenciera al tribunal de que la apariencia no era en verdad la realidad, el tribunal podría dejar sin efecto su resolución y ordenar que continuara la tramitación del recurso para ser resuelto por sus méritos.

Veamos si esa demostración se ha hecho. De los autos resulta que la sentencia recurrida se dictó hace más de tres años, el 24 de febrero de 1933, declarando la demanda sin lugar. Interpuesta apelación por el demandante el 7 de marzo, 1933, los demandados apelados, en marzo 23, 1934, pidieron a esta corte que desestimara el recurso por no haberse radicado aún en ella la transcripción. Ambas partes fueron oídas y la moción de los apelados se declaró sin lugar en abril 6, 1934.

Hasta enero 25, 1935, no quedó archivada la transcripción, y como la parte apelante no presentara su alegato, en marzo 21, 1935, la corte señaló el 8 de abril siguiente para que expusiera razones para la no desestimación del recurso por abandono. Pidió la parte que se transfiriera la audiencia para otro día y la corte accedió, no apareciendo de los autos

que se tomara acción alguna hasta más de un año después o sea en mayo 4, 1936, en que volvió a fijarse un día para oír a la parte apelante para que expusiera razones para la no desestimación y ocurrió lo que ya dejamos expuesto.

Bajo esas circunstancias, tratándose de un abandono tan dilatado, no nos sentimos justificados en ejercitar nuestra discreción en favor del apelante, tanto más cuanto que examinado ligeramente el alegato que acompaña a su moción de mayo 27 último en relación con la opinión en que se funda la sentencia recurrida, no surge que se haya cometido ningún manifiesto error.

*En tal virtud debe declararse sin lugar la moción del apelante, quedando subsistente la resolución desestimatoria de mayo 25, 1936.*

El Juez Asociado Señor Córdova Dávila no intervino.